Erminie Di Filippo
vs.                    } W. C. A. No. 772
Joseph McCormick

### April 24, 1928.

TANNER, P. J. This is a petition by a widow as a dependent of a deceased workman and by the administrator of a deceased workman both for the ordinary compensation for the statutory period and also for special compensation for the loss of an arm.

We think from the facts that the widow of the deceased is entitled to the ordinary compensation, both as having been justifiably living apart from the deceased because her health would not permit her to live in this country and also because she was wholly dependent upon the deceased at the time of his injury. We think, however, that neither the widow nor the administrator is entitled to special compensation for the loss of an arm.

Our Court has held in Duffney vs. Morse Lumber Co., 42 R. I. 260, that the right of a defendant to compensation is not a fixed right and does not pass to an administrator of the deceased. In other words, that the right to compensation is wholly the right in the first instance of the injured party and does not pass to the estate, and only to dependents because of the terms of the statute. In Sec. 6 of Article 2, the right of dependents is given as to the ordinary weekly payments for disability. Nowhere are they or the administrator given any specific right to special compensation for loss of members.

See also In re Burns, 105 N. E. 601.

We therefore find that neither the administrator nor the widow is entitled to special compensation for loss of an arm.

For petitioner: Knauer & Fowler.

For respondent: Gardner, Moss & Haslam.